WORCESTER MECHANICS' SAVINGS BANK *vs.* JOSEPH S. HILL.

An agreement to withdraw, and the withdrawal of, a suit against the maker of a note is a sufficient consideration for the guaranty of the note.

A guarantor of a note, in the absence of fraud upon him, cannot show in defence of a suit against him upon the guaranty that those who were sureties upon the note were discharged by the statute of limitations, at the time he entered into the contract; neither is it a defence for him that the sureties were irresponsible, or that no effort had been made to collect the note of them.

CONTRACT against the defendant as the guarantor of the following promissory note :

" Worcester, October 26, 1859. For value received, We, John Keith, principal, Chas. Sibley, G. W. Bentley, H. E. Bugbee, and Chas. Devens, Jr., sureties, jointly and severally promise to pay to the Worcester Mechanics' Savings Bank, or order, the sum of Fifteen Hundred Dollars on demand, with interest semi-annually, at the said Bank.          John Keith.

G. W. Bentley, as surety.

H. E. Bugbee, as surety.

Chas. Devens, Jr., as surety."

On the back of the note were regular semi-annual indorsements of interest, the last one being October 26, 1866, and the defendant's signature, " J. S. Hill."

The plaintiffs' declaration was as follows :

" And the plaintiffs say that long before suing forth their writ, one John Keith as principal, and G. W. Bentley, Charles Sibley, H. E. Bugbee, and Charles Devens, Jr., as sureties, made a promissory note, payable to the plaintiffs, a copy whereof with the indorsements thereon is hereto annexed, and afterwards the said note with interest became due and payable as against said principal, but not against said sureties, who were discharged by the statute of limitations, and remained unpaid. And thereupon the plaintiffs commenced a suit against said Keith to recover the same, and in consideration that the plaintiffs, at the request of the defendant, would withdraw and discontinue said suit, the defendant undertook and promised the plaintiffs to guarantee the payment of said note and indorsed said note, as by the copy annexed appears. Whereupon the plaintiffs did withdraw and discontinue said suit against said Keith, and the said Keith is wholly irresponsible pecuniarily, and the plaintiffs have used due diligence to enforce the payment of said note from said Keith, but he hath wholly neglected and refused to pay the same, of which the defendant had notice, yet the defendant, although often thereto requested, hath neglected and refused to pay the said note, and he owes the plaintiffs the amount thereof with interest thereon."

At the trial in the Superior Court it appeared that the plaintiff, March 6, 1867, commenced an action against John Keith,

the maker of the note declared on, and put the writ into the hands of an officer for service.

The attorney who filled out the writ, and who was called as a witness for the plaintiff, testified that after the suit was brought, Keith called at his office twice, and had conversations with him, and that a short time after, Hill called. He further testified, "I said to Hill, ' Mr. Keith informed me you would call about the Mechanics' Bank note, and I suppose that is your business.' I said, ' We have commenced a suit against Keith, and he says he has made an agreement with you to indorse the note as guarantor and we to withdraw the suit, and he has left a deed with me to be delivered to you upon your indorsing the note as guarantor." Hill said, ' It is all right if the deed is all right, I suppose,' and he sat down and read the deed and said, ' It is all right.' He took the note and wrote his name on the back of it. He then took the deed, put it in his pocket and left. We thereupon withdrew the suit and took the writ from the officer, who had not served it. When the interest became due next, I wrote to Keith and also to Hill, informing the latter that I had written Keith demanding the interest, and of Keith's reply. Hill saw me and said it was Keith's business to pay it. Hill was informed that the bank would look to him for the payment of the note, before this suit was commenced. Keith had no visible property so far as I know or could hear."

The treasurer of the plaintiff bank testified that the interest indorsed on the note was paid at the times the indorsements bore date, by Keith, and not by any of the sureties.

This being all the evidence, the defendant asked the court to rule that the action could not be maintained, and contended that the contract of the defendant was, if anything, a guaranty of the performance of the contract on the part of all the signers of the note ; that it did not appear that the parties who signed it as sureties were discharged by the statute of limitations or otherwise ; that it did not appear that they were not entirely responsible, or that any efforts had been made on the part of the plaintiffs to collect the note of them, and that there was no evidence of any valid consideration for the guaranty.

The court declined so to rule, but ruled that the facts, if believed, would warrant a verdict for the plaintiffs, and the defendant submitted to such a verdict under that ruling. The case was reported for the opinion of this court. If the court was of opinion that the plaintiffs were entitled to a verdict upon the foregoing facts, judgment was to be entered on the verdict; if not, the verdict was to be set aside and a new trial granted.

*G. F. Verry & F. A. Gaskill,* for the defendant.

*H. B. Staples & F. P. Goulding,* for the plaintiffs.

ENDICOTT, J. The plaintiffs having commenced a suit against Keith, the maker of the note, the defendant agreed to indorse the same, as guarantor, and the plaintiffs agreed to withdraw the suit. In pursuance of this agreement, the defendant wrote his name on the back of the note, and the plaintiffs withdrew the suit against Keith. The defendant thereby for a valid consideration became the guarantor of the note. *Mecorney* v. *Stanley,* 8 Cush. 85. *Boyd* v. *Freize,* 5 Gray, 553. He now seeks to avoid his liability for the reason that it did not appear and he did not know at the time he signed his name, that the sureties were discharged by the statute of limitations. Without considering the question how far this fact is disclosed by the note itself, we are of opinion that he cannot avail himself of this defence. There was no fraud, no representations were made to him on the subject, and there were no facts connected with the liability of the parties to the note, which the plaintiffs were required to disclose. By an agreement with Keith, and upon a consideration, moving from him, he guaranteed this note as it then was, and the plaintiffs thereupon withdrew their suit. It is entirely immaterial whether the sureties were discharged, or would avail themselves of the statute or not; he must pay according to his contract. The case does not differ in principle from *Veazie* v. *Willis,* 6 Gray, 90, and *Jones* v. *Thayer,* 12 Gray, 443.

Nor is it a valid defence that it did not appear that the sureties were not responsible, or that any effort had been made to collect from them. *Judgment on the verdict.*