## NATIONAL BANK OF COMMERCE v. FEENEY.

1. In the absence of evidence to the contrary, a stipulation on the margin of a note that it is to be discounted at a certain per cent if paid before maturity will be presumed to have been written contemporaneously with the execution of the instrument as a part thereof, and hence will be given effect.

2. A note containing a stipulation that, if it is paid before maturity, it shall be subject to discount on a certain per cent, being uncertain as to the amount necessary to satisfy it at the time of its execution, is nonnegotiable, and hence subject to equities in the hands of a bona fide purchaser for value before maturity.

3. Where nonnegotiable notes were given for sheep purchased on a warranty, the maker is entitled to set off his damages, caused by a breach of the warranty, not exceeding the amount of the notes as against a *bona fide* purchaser thereof before maturity.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Hughes county.   Hon. LORING E. GAFFY, Judge.

Action in claim and delivery.   From a judgment in favor of plaintiff, defendant appealed.

This case was first decided by this court in an opinion reported in 9 S. D. 550, 70 N. W. 874, in which opinion the judgment of the trial court was modified and affirmed.  Subsequently a rehearing was granted and in an opinion upon the rehearing, reported in 11 S. D. 109, 75 N. W. 896, the former opinion was affirmed.   Thereafter a second rehearing was granted.   This opinion is upon the second rehearing.  The former judgment of this court is reversed and the cause remanded for a new trial.

*Wilson L. Shunk* and *John F, Hughes,* for appellant.

*John A. Holmes,* for respondent.


HANEY, J.   This is an action to recover possession of personal property for the purpose of foreclosing a mortgage thereon.   A verdict was directed for plaintiff, and defendant appealed.   When the appeal was first considered, the judgment of the court below was modified and affirmed.   9 S. D. 550, 70 N. W. 874.   Upon rehearing, a majority of the court adhered to the former decision.   11 S. D. 109, 75 N. W. 896.   A second rehearing was granted, and the issues involved have been again carefully considered.

The conclusions previously announced relative to the authority of the sheriff to make a second seizure  under the claim and delivery process, those relative to the rulings of the court upon defendant's motion for judgment upon his counterclaim and plaintiff's motion to strike out the counterclaim, and those relative to the knowledge of plaintiff's cashier not being the

knowledge of the bank, are adhered to, and will not be further discussed.

Defendant admits the execution of the notes and mortgage given to secure the same, as alleged in the complaint, but alleges that the only consideration therefor was the sale by the original payee of the notes to defendant of 200 sheep mentioned and described in the mortgage; that prior to the purchase defendant had not seen or examined the sheep: that the original payee, for the purpose of inducing defendant to purchase, made certain representations and warranted the quality of the sheep; that defendant purchased relying upon such warranty and representations; that there was a breach of the warranty, and other facts showing damage in excess of the amount due upon the notes. It was shown that plaintiff purchased the notes for value, before maturity, and when they were introduced in evidence defendant objected on the ground that the same were incompetent, irrelevant, and immaterial, and no foundation laid. The objection was overruled, and defendant excepted. Defendant being on the stand as a witness on his own behalf, these proceedings were had: "Attorney for Defendant: State the contract of sale as made there and as witnessed by you. (Objected to by plaintiff as incompetent, irrelevant, and immaterial, and no defense to this action as the action now stands, which objection being sustained an exception was taken, and such ruling is assigned as error.) Attorney for Defendant: If the court please, I will state for record that the object of this question is to show a contract embracing a warranty of the sheep for which these notes were given, and the same that are described in the chattel mortgage. We will follow this with testimony showing damages resulting from a breach of such war-

ranty, and we claim the right to do this under the note which has been introduced in evidence, and on the ground that such note is a nonnegotiable instrument; also on the further ground that the testimony in this case shows that Mr. Ewert, who was a member of the firm of Clough, Ledwick & Co., and acted as agent for said firm, was also the cashier of the bank, the plaintiff in this action, and that knowledge to him was knowledge to the party. We ask at this time to amend our answer setting out the note as the same is introduced in evidence. The Court: It is unnecessary, because the bill of exceptions will contain the note. Attorney for Defendant; At this time, then, we offer to prove a warranty of the property sold in this case, a breach of that warranty, resulting in damages to an amount greater than the amount due on the notes. Attorney for Plaintiff: I object on the same ground as stated to the question before. The Court: I believe this note is a negotiable instrument, and, the evidence being that it is in the hands of an innocent purchaser before maturity, the equities are cut off, and therefore the offer of testimony is denied." The notes are identical, except as to amount and date of maturity. The following is a copy of one of them:

EXHIBIT C.

This note to be discounted at 12 per cent. if paid before maturity.

$342.35

Pierre, South Dakota, Sept. 21st, 1892.

On or before the 21st day of June, 1893, I promise to pay Clough, Ledwick & Company, or order, three hundred forty-three and 35-100 dollars, at the National Bank of Commerce of Pierre, South Dakota, value received, with interest at the rate of twelve per cent. per annum from maturity until paid. Should suit be commenced on this note, a reasonable amount shall be allowed for attorney's fees. The drawers and endorsers of this note severally waive presentment and notice of protest, and guarantee its payment at any time after maturity.

Due——.
P. O. Address——.
No.——.

Michael Feeney.

In absence of evidence to the contrary, it will be presumed that the words relating to discount were written upon the face of each note contemporaneously with the execution of the instrument as a constituent part thereof, and they must be given effect as such. Daniel, Neg. Inst. §§ 149, 150, 154. The only difference between the allegations of the complaint concerning the terms of the notes and the instruments introduced in evidence by plaintiff consists in the words relating to discount. It

is therefore evident that defendant's proposed amendment was for the purpose of making the pleadings conform to the proof with respect to this discount. clause. There was no other respect in which the notes differed from the admitted allegations of the complaint. Then the attention of the trial court must have been called to the variance between the pleadings and proof. It might have been better practice for defendant to have insisted upon a ruling upon his application to amend, but we think neither the plaintiff nor trial judge can complain if we treat the case as if the application had been allowed as it should have been. The rights of the parties were determined in the court below upon the facts as established by the evidence, and should be so determined in this court. The question, then, arises whether a note having the condition as to discount if paid before maturity, contained in these notes, is negotiable. The effect of uncertainty as to the amount to be paid and terms of payment upon the negotiability of a promissory note was considered by this court in Hegeler v Comstock, 1 S. D. 138, 45 N. W. 331, and again in Merrill v Hurley, 6 S. D. 592, 62 N. W. 958. While a different result is reached, the latter case expressly follows and adopts the principles announced in the earlier decision, the court making use of this language: "While, in the opinion of the writer, a promissory note, otherwise unobjectionable, meets the requirements, and stands the test of negotiability, when there is no date at which the exact amount then due cannot be ascertained by inspection and computation, this court has placed itself in line with a class of authorities which require such a degree of certainty that the exact amount to become due and payable at any future time is clearly ascertainable at the date of the note, uninfluenced by

any conditions not certain of fulfillment; and the rule thus established must control cases subsequently arising, where the facts are substantially the same." Applying the test thus established to the notes in this case, the conclusion cannot be avoided that they are non-negotiable. When executed, it was impossible to ascertain what amount would be required to pay them, without considering the discount, depending upon a condition uncertain of fulfillment. The circuit court erred in ruling that they were negotiable. The notes being nonnegotiable, defendant is clearly entitled to set off against the amount due thereon any damages he may have sustained by reason of a breach of warranty on the part of the original payee, but if such damages exceed the sum due upon the notes, of course, he cannot recover the excess of this plaintiff. The judgment is reversed, and a new trial ordered.