ALFRED H. SEABURY *vs.* RICHARD C. SIBLEY.

Suffolk.    November 20, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Guaranty.    Bills and Notes.    Limitations, Statute of.    Words,* "Maturity."

By a writing of even date the defendant guaranteed the payment of a certain
note at maturity, waiving presentation and demand.    The note was payable at
a certain bank "four months after date and upon return of securities pledged."
The payee without objection from the guarantor gave a receipt for the securi-
ties pledged to secure this and another note, containing the words "Upon pay-
ment of these notes, or either of them, the bonds collateral thereto are to be
returned" to the maker.    When the note matured the maker had no funds at
the bank to meet it.    The payee did not tender the securities to the maker, but
sued the guarantor.    *Held,* that there was no condition precedent to the liability
of the guarantor except the failure of the maker to pay the note at maturity,
and, if the words of the note gave the guarantor a right to have the securities
tendered to the maker, he had waived it.

It is no defence to an action against the guarantor of a note that the statute of
limitations bars an action against the maker.

CONTRACT by the surviving partner of the firm of Nutter and
Seabury on a guaranty in writing of a note of the Bay State Dis-
tilling Company for $5,000.    Writ dated June 19, 1901.

At the trial in the Superior Court before *Bond,* J., the parties
agreed at the close of the evidence, that for the purposes of the
case all the evidence introduced was true.    The judge refused
to order a verdict for the defendant, and ordered a verdict for
the plaintiff in the sum of $7,155, the amount having been com-
puted by the parties.    The defendant was described in the writ
as a resident of New York, and it appeared and was agreed, that
he was a resident of that State for a long time before January 1,
1895, and continuously until January 21, 1901.    The defendant
alleged exceptions.

*E. F. McClennen,* (*J. G. Palfrey* with him,) for the defendant.
*C. E. Shattuck,* for the plaintiff.

LATHROP, J.    As we construe the bill of exceptions, the only
questions open to the defendant are those raised by him in the
Superior Court.    These are: 1.    Whether the defendant's guar-

anty was without consideration. 2. Whether the guaranty was subject to a condition, the performance of which had not been tendered. 3. Whether the action was barred by the statute of limitations.

1. The defendant has not argued the question of want of consideration, and we treat it as waived.

2. The defendant guaranteed the payment of the note at maturity, and waived presentation, demand, protest and notice thereof. The note was dated February 11, 1895, and was payable " four months after date and upon return of securities pledged." The place of payment was the Massachusetts National Bank, Boston. When the note matured, the maker of the note had no funds at the Massachusetts National Bank to meet it. The defendant contends that the note did not mature until both the four months had elapsed and the securities pledged had been tendered, and, therefore, that there was no breach of his contract of guaranty.

This construction seems to us very narrow and technical. The word " maturity " naturally means, in this case, four months after the date of the note. That this was the intention of the parties is shown by the attendant circumstances. The note and the guaranty bear date the same day. They were delivered to the firm of which the plaintiff is the surviving partner, on the following day, by a person who represented both the maker of the note and the defendant. Another note and the security for the guaranteed note were delivered at the same time. The firm gave a receipt containing these words : " Upon payment of these notes, or either of them, the bonds collateral thereto are to be returned to the treasurer of the Bay State Distilling Company." No objection appears to have been made by the defendant to this form of receipt, nor was any offer to pay made by the maker or the defendant on surrender of the bonds.

In *Knight* v. *New England Worsted Co.* 2 Cush. 271, 286, it was said by Chief Justice Shaw that the question whether mutual stipulations in a contract are dependent or independent " depends upon the intention of the parties, and the nature of the respective stipulations, and is to be determined rather from the sense of the whole taken together, than upon any particular form of expression."

So far as the defendant's contract with the plaintiff is concerned, there is no condition precedent except the failure of the maker to pay the note at maturity. So far as the defendant relies upon the language of the note, we are of opinion that if he had any right, he has waived it.

3. The last contention of the defendant is that although the present action is not barred by the statute of limitations, the plaintiff cannot recover because when this action was begun, an action by the plaintiff against the maker of the note was barred by the statute of limitations. There are some cases which support this view. *State* v. *Blake*, 2 Ohio St. 147. *Bridges* v. *Blake*, 106 Ind. 332. *Auchampaugh* v. *Schmidt*, 70 Iowa, 642. They are, however, opposed to the weight of authority, and to well recognized principles. A creditor is not bound to sue the principal debtor, but has the right to elect to sue the guarantor. To terminate the guarantor's liability there must be some act of the creditor which affects prejudicially the guarantor's right to recover from the principal when he has paid the creditor. The right of a guarantor to sue the principal does not accrue until he has paid the creditor, and therefore his right of action is not affected by the fact that the statute of limitations prevents the creditor from suing the principal. *Wood* v. *Leland*, 1 Met. 387. *Worcester Mechanics' Savings Bank* v. *Hill*, 113 Mass. 25. *Sibley* v. *McAllaster*, 8 N. H. 389. *Carter* v. *White*, 25 Ch. D. 666, 677. *Bull* v. *Coe*, 77 Cal. 54. *Smith* v. *Gillam*, 80 Ala. 296, 301. *Banks* v. *State*, 62 Md. 88. *Cohen* v. *Commissioners*, 7 Sm. & M. 437. *Moore* v. *Gray*, 26 Ohio St. 525. *Osborne* v. *Gullikson*, 64 Minn. 218. *Willis* v. *Chowning*, 90 Tex. 617, 621.

*Exceptions overruled.*