## DAVIS v. BRADY.

Rev. Civ. Code, §2236, allows three days of grace, excluding Sundays and holidays, on all notes, and section 2274 provides that a "promissory note" is an instrument negotiable in form, whereby the signer promises to pay a specified sum of money. HELD, that where, from the terms of a note, it was doubtful whether overdue interest drew 10 per cent. per annum, payable annually, or 12 per cent. per year until paid, and whether the amount of the note and the unpaid interest drew interest annually at 10 per cent. per annum, or whether the principal, augmented by installments of overdue and unpaid interest, drew interest at 12 per cent. until the entire amount was paid, the note was not negotiable in form, and therefore not entitled to grace.

(Opinion filed December 29, 1903.)

Appeal from circuit court, Campbell county. Hon. LORING E. GAFFY, Judge.

Action by E. W. Davis against James G. Brady. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*John H. Perry*, for appellant.

*A. Sutherland* and *Albert Gunderson*, for respondent.

FULLER, J.   The statute of limitations was the only defense offered to this action, commenced on the 4th day of November, 1901, and predicated upon the following instrument in writing:

"$400.                    Langford, S. D., June 15th, 1893.

"Nov. 1st, 1895, after due, for value received, I promise to pay to the order of E. W. Davis four hundred dollars, at Langford, So. Dak., with interest from date until fully paid at the rate of ten per cent. per annum, payable annually on principal and all over due unpaid interest. If the said interest is not paid when due, it becomes part of the principal and draw interest at 12 per cent. per annum until paid.

"The drawers and endorsers severally waive presentment of payment, protest and notice of protest and non-payment of this note, and I against the maker, and it is further stipulated and agreed that if suit is commenced on this note or if the same is collected by an attorney, I will pay ten per cent. attorney's fees upon the whole amount of principal and interest sued for and collected.

                              "JAMES G. BRADY,"
                              "EMMA A. BRADY."

There was judgment for plaintiff, and the defendant appeals.

Unless the foregoing instrument is entitled to the usual

days of grace, the action was not commenced within the six-year limitation, and the judgment appealed from must be reversed. Excluding Sundays and holidays from the computation three days of grace are allowed by section 2236 of the Revised Civil Code for the payment of all promissory notes, and the exact question to be determined is whether this instrument is within the following statutory definition: "A promissory note is an instrument, negotiable in form, whereby the signer promises to pay a specified sum of money." Rev. Civ. Code, § 2274. From date until paid this note and overdue interest will either draw interest at the rate of 10 per cent. per annum, payable annually, or such unpaid interest will become a part of the principal. and draw interest at 12 per cent. per annum. It cannot be determined with any degree of accuracy whether overdue interest draws 10 per cent. per annum, payable annually, or 12 per cent. per year until paid. It is also a doubtful question whether the amount for which the note was given and the unpaid interest draws interest annually at 10 per cent. per annum, or whether the principal, augmented by the first and all subsequent installments of overdue and unpaid interest, draws interest at 12 per cent. until the entire amount is paid. According to the decisions of this court, such uncertainty destroys the negotiability of the instrument. Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331, 8 L. R. A. 393; Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; National Bank of Commerce v. Feeney, 12 S. D. 156, 80 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594. As days of grace apply only to instruments negotiable in form, this action, when commenced, was barred by the statute of limitations.

17 S. D.—33

The judgment appealed from is reversed, with the direction that the complaint be dismissed.