## FARMERS' LOAN & TRUST CO. v. McCOY & SPIVEY BROS.

No. 1586. Opinion Filed March 12, 1912.

(122 Pac. 125.)

1.  **BILLS AND NOTES—"Negotiable Instrument"—What Constitutes.** As defined by sections 4626 and 4627, Comp. Laws 1909, a "negotiable instrument" is a written promise or request for the payment of a certain sum of money to order or bearer, and must be made payable in money only, and without any condition not certain of fulfillment.

2.  **SAME.** A note given December 16, 1908, payable in installments three months apart, which contains a stipulation that, if it is paid within fifteen days from date, a discount of 5 per cent. will be allowed, being uncertain as to the amount necessary to satisfy it at the time of its execution, is nonnegotiable.

(Syllabus by Sharp, C.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by the Farmers' Loan & Trust Company against McCoy & Spivey Bros. Judgment for defendants, and plaintiff brings error. Affirmed.

*Dumars & Vaught* and *R. E. Gish,* for plaintiff in error.

*Welty & Price* and *Berry H. Randolph,* for defendants in error.

Opinion by SHARP, C. The sole question necessary for determination of this case is whether or not the note sued on is a negotiable instrument. Omitting indorsements, the note is as follows:

"Oklahoma City P. O.                    Chicago, Ill., Dec. 16, '08.

"For value received we promise to pay to the order of the Equitable Manufacturing Company (Not Incorporated), Chicago, Ill., three hundred seventy four dollars and forty cents ($374.40), at Chicago, Ill., in four installments, payable as below:

| A discount of 5 per cent. will be allowed if paid within fifteen days from date. Installments after maturity draw 6 per cent. interest. | | |
|---|---|---|
| | 3 months after date 3 | $93.60 |
| | 6 months after date 6 | 93.60 |
| | 9 months after date 9 | 93.60 |
| | 12 months after date 12 | 93.60 |

"It is agreed that default in the payment of any of the above installments shall at the option of the payee herein render the whole unpaid balance immediately due and payable.

"[Signed]    McCoy & Spivey Bros."

The question was before the Supreme Court of the territory in *Randolph v. Hudson,* 12 Okla. 516, 74 Pac. 946, in which it was held that a note in the following language was nonnegotiable:

"$275.00.    Enid, O. T., May 15, 1894.    Thirty days after date I promise to pay to the order of J. H. Thomas two hundred and seventy-five dollars ($275.00), with interest at the rate of twelve per cent. from date if not paid at maturity.    Value received.    N. Randolph."

The opinion is by Irwin, J., and a number of authorities were there reviewed, including cases from California and South Dakota, decided under statutes the same as here, and, after reviewing these authorities and considering the statute, the court used this language:

"From a careful consideration of all the authorities, we think the true rule as to negotiable paper is that certainty as to payor and payee, the amount to be paid, and the terms of payment is an essential quality of a negotiable promissory note; and that it is not sufficient that the amount necessary to liquidate the note on the day when due can be determined, but that certainty must continue until the obligation is discharged."

The court proceeded to cite various authorities, including the Supreme Court of the United States in *Stutsman County v. Wallace,* 142 U. S. 312, 12 Sup. Ct. 227, 35 L. Ed. 1018, on the question of the binding effect of the construction of an adopted statute, arriving at the conclusion that the court was bound,

in that instance, by the construction of the Supreme Court of the state of South Dakota of the statute then under considera-- tion. The decision of the Supreme Court of that state deemed binding on the court was *Hegeler v. Comstock*, 1 S. D. 138, 45 N. W. 331, 8 L. R. A. 399. To this case we may add *Merrill v. Hurley*, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; *National Bank of Commerce v. Feeney*, 12 S. D. 156, 80 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594. While a different result was reached in the first-mentioned case, the rule adopted in *Hegeler v. Comstock, supra,* was followed. The court there observed, in both *Merrill v. Hurley* and *First National Bank of Commerce v. Feeney, supra,* that the court of that state had placed itself in line with the class of authorities which require such a degree of certainty that the exact amount to become due and payable at any future time could be clearly ascertainable at the date of the note, uninfluenced by any conditions not certain of fulfillment.

In *National Bank of Commerce v. Feeney, supra,* the provision in the note destroying its negotiability was: "This note to be discounted at 12 per cent. if paid before maturity." True this case was decided after the adoption of the statute by the Legislature; but it will be noted that it is based upon the former decision of the court in *Hegeler v. Comstock, supra,* decided before the adoption of the statute by the territory of Oklahoma.

This court has repeatedly held that a stipulation in a promissory note, providing for attorney's fees, etc., destroyed the negotiable character of the instrument, and thereby made it non-negotiable. *Cotton v. John Deere Plow Co.,* 14 Okla. 605, 78 Pac. 321, in which it was held that the instrument must not contain any condition that is not capable of certainty of fulfillment. Other cases are *Dickerson v. Higgins et al.,* 15 Okla. 588, 82 Pac. 649; *Clevenger v. Lewis,* 20 Okla. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56; *Clowers et al. v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596; *Adams v. Seamans et al.,* 82 Cal. 636, 23 Pac. 53, 7 L. R. A. 224; *Findlay v. Pott,* 131 Cal. 385, 63 Pac. 694. On the authority of the foregoing

opinions and the principle announced therein, we are of the opinion that the note in question was nonnegotiable.

It should be kept in mind that the present Negotiable Instrument Act of June 11, 1909, is not involved in the present consideration, having been enacted subsequent to the date of the note in question.

We find no error in the record, and conclude that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.