ST. LOUIS & S. F. R. CO. v. C. H. CANNON & SON *et al.*

No. 3231.   Opinion Filed March 12, 1912.

(122 Pac. 321.)

1.   **CARRIERS—Corporation Commission—Proceedings for Contempt.** In the hearing on a complaint against a railroad company for contempt for alleged violation of orders of the Corporation Commission, the Commission sits as a court, and its proceedings should be governed and controlled by the same rules of procedure as obtain in courts of justice.

2.   **SAME.** Where a railroad company is cited for contempt for the violation of an order of the Corporation Commission, a judgment limited in its scope to finding it guilty of a violation of its own tariffs, not based on any charge in the complaint and the citation issued, is erroneous and must on appeal be set aside.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Action by the State and C. H. Cannon & Son against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with instructions.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for defendants in error.

DUNN, J.   This case presents an appeal from a judgment of the Corporation Commission finding the plaintiff in error, the St. Louis & San Francisco Railroad Company, hereinafter called "defendant," guilty of a violation of rules in its own tariffs on file with the Commission and assessing a fine in the sum of $200 therefor.   From the judgment entered, appeal has been prosecuted to this court, and among the assignments of error is one that the order of the Corporation Commission is not sustained by the evidence and is contrary to law.   Complaint herein was filed by C. H. Cannon & Son on the 9th day of December, 1910; the charging part thereof pertinent to be here considered being as follows:

"That said company has violated Commission's order No. ——, in that said complainant received car of coal from Henryetta, Okla., said car was billed at 98,100 pounds and same weighed within 800 pounds of this amount when unloaded.   That the said railroad company reweighed said car at Sapulpa, and charged freight on 103,400 pounds, as per expense bill attached."

On this complaint there was issued and served on the defendant the following citation:

"You are hereby notified that complaint has been filed in the office of the Corporation Commission of Oklahoma by C. H. Cannon & Son of Chandler, Okla., against the St. Louis & San Francisco Railroad Company, alleging violation of rule 1, Corporation Commission's Order No. 9, as amended by order No. 58, in that said railroad company has assessed freight charges against complainant on mine weights instead of destination weights, as prescribed by said order.   Copy of said complaint is hereto attached, duly verified by C. H. Cannon & Son."

It is to be noted that in the complaint filed the defendant was charged with violating a certain unnamed order of the Commission, and in the citation issued the rule or order violated was specifically set forth as "rule 1, Corporation Commission's Order No. 9, as amended by order No. 58."   On this complaint and citation a hearing was had, and at its conclusion the Commission, instead of finding defendant guilty of violating the order of which it was given notice and with which it was charged, made the following finding as predicate for its judgment:

"The Commission finds that the St. Louis & San Francisco Railroad Company has violated rules in its own tariffs on file with the Commission, by not collecting freight in· accordance with same; collected for 5,600 pounds more than was billed out; that the car was filled to visible capacity and freight was collected on the weights at Sapulpa where the car was not detached."

The character of the proceeding here taken was denominated by this court in the case of *St. L. & S. F. R. Co. v. State,* 26 Okla. 62, 80, 107 Pac. 929, 30 L. R. A. (N. S.)·137, as being wholly punitive, and that proceedings thereunder must be deemed quasi criminal if not criminal, and setting forth that in the prosecution thereof the proceedings prescribed by statute should be strictly pursued. That a court cannot properly put upon its record a judgment which is not a proper sequence to the pleadings is a rule of universal application even in proceedings of a strictly civil character. 11 Enc. P. & P. 868, and cases under notes 1 and 2; *Id.* 872, and cases under note 3; *Aylesbury Mercantile Co. v. Fitch,* 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573; *Herbert v. Wagg,* 27 Okla. 674, 117 Pac. 209.

In the case of *Aylesbury Mercantile Co. v. Fitch, supra,* in discussing certain rights possessed by parties to that action, this court said:

"In a case where it is insisted that either of these rights has been violated, modern procedure requires that the written allegations of the parties to the action state the facts, that the proof support and be consistent therewith, and the judgment rendered be in consonance with both. These requirements are not to vindicate a mere dogmatic form prescribed to secure symmetry only, but are absolutely essential to secure the administration of justice. A party is entitled to know on entering an action just wherein and how he is charged with having violated an obligation. This constitutes notice to him so he may be prepared in his own right and to assist the court with relevant testimony to ascertain the truth. He is then entitled to have the judgment rendered based on the evidence offered in support of the specific averments of the pleadings, as they may be finally settled by the court."

The doctrine therein enunciated has received specific recognition in contempt cases in *Wheeler & Wilson Mfg. Co. et al. v. Boyce,* 36 Kan. 350, 13 Pac. 609, 59 Am. Rep. 571; *State ex rel. Russell v. Ives, District Judge,* 60 Minn. 478, 62 N. W. 831;

*State ex rel. Hurd v. Willis, District Judge,* 61 Minn. 120, 63 N. W. 169. In the case at bar it is to be noted that the defendant was being proceeded against under the complaint for the violation of one of the orders of the Commission. which was identified and made specific and certain in the citation issued and served. This was to it notice of exactly the charge which it was called upon and compelled to meet on the hearing.

The Corporation Commission in these proceedings sits as a court (section 19, art. 9, Const.), and its procedure in these matters should in all respects conform to the orderly administration of justice as the same obtains in courts. Hence, by all of the authorities with which we have any acquaintance, the judgment rendered herein conforming in no particular to the charge made against the defendant must of necessity fall.

The judgment is, accordingly, reversed, and the case remanded to the Corporation Commission. with instructions to set the same aside and to proceed in accordance with this opinion.

All the Justices concur.