# FIRST NAT. BANK OF IOWA CITY, IOWA, v. WATSON.

No. 6692.    Opinion Filed February 29, 1916.

Rehearing Denied March 21, 1916.

(155 Pac. 1152.)

1.    **BILLS AND NOTES—Negotiable Instruments—Law Merchant.**
In any case not provided for by the Negotiable Instruments Law (chapter 49, Rev. Laws 1910), the rules of the law merchant govern.

2    **SAME—Certainty in Amount—Provision for Discount.** The Negotiable Instruments Law does not purport to prescribe a rule different from that of the law merchant, theretofore recognized by the courts of this state, in a case where a promissory note provides for the discount of the principal sum otherwise payable, if, at the option of the maker, payment is made before maturity.

3.    **SAME.** Under the rule of the law merchant, a note payable in installments three months apart, which contained a stipulation that, if paid within 15 days from date, a discount of 6 per cent. would be allowed, was uncertain as to the amount necessary to satisfy it at the time of its execution, and therefore nonnegotiable.

(Syllabus by Bleakmore, C.)

*Error from District Court, Pottawatomie County;
Chas. B. Wilson, Jr., Judge.*

Action by the First National Bank of Iowa City, Iowa, a corporation, against G. W. Watson. Judgment for defendant, and plaintiffs brings error. Affirmed.

*G. A. Outcelt,* for plaintiff in error.

*Arrington & Arrington,* for defendant in error.

Opinion by BLEAKMORE, C. This is an appeal from the judgment of the district court of Pottawatomie county. The principal question presented for determination is whether the promissory note set out below is negotiable, conformably to the act of June 11, 1909, known as the Negotiable Instruments Law.

"ASHER, OKLA., 8-9-1910.

"For value received I promise to pay to the order of the Equitable Manufacturing Company (not incorporated) three hundred thirty dollars ($330.00) at Chicago, Ill., in six installments, payable as below:

|                        |    | Amount Date paid |
| ---------------------- | -- | ---------------- |
| Two months after date  | 10 | 55.00            |
| Four months after date | 12 | 55.00            |
| Six months after date  | 2  | 55.00            |

| Eight months after date | 4 | 55.00 |
| Ten months after date | 6 | 55.00 |
| Twelve months after date | 8 | 55.00 |

"A discount of 6 per cent. will be allowed if paid in full within .fifteen days from date. Installments after maturity draw 6 per cent. interest.

"Default in the payment of any installment shall, at the option of the payee herein, render the unpaid balance immediately due and payable.

[Signed]    "G. W. WATSON."

Construing a note containing the identical provisions found in the one under consideration, but executed prior to the enactment of the Negotiable Instruments Law, this court, in *Farmers' Loan & Trust Co. v. McCoy & Spivey Bros.*, 32 Okla. 277, 122 Pac. 125, 40 L. R. A. (N. S.) 177, said, in effect, that, in order to be negotiable under the rules of the law merchant, there was required in a promissory note such a degree of certainty that the exact amount to be due and payable at any future time could be clearly ascertainable at the date thereof, uninfluenced by any conditions not sure of fulfillment. In the syllabus, it is held:

"A note given December 16, 1908, payab'e in installments three months apart, which contains a stipulation that, if it is paid within 15 days from date, a discount of 5 per cent. will be allowed, being uncertain as to the amount necessary to satisfy it at the time of its execution, is non-negotiable."

Relative to the certainty, as to the sum payable, now required to render an instrument negotiable, the statute provides:

"An instrument to be negotiable must conform to the following requirements: First: It must be in writing

and signed by the maker or drawer.  Second.  Must contain an unconditional promise or order to pay a sum certain in money.  *  *  *" (Section 4051, Rev. Laws 1910.)

"The sum payable is a sum certain within the meaning of this chapter; although it is to be paid:  First, with interest; or second, by stated installments; or third, by stated installments, with a provision that upon default in payment of any installment or of interest, the whole shall become due; or fourth, with exchange, whether at a fixed rate or at the current rate; or fifth, with costs of collection or an attorney's fee, in case payment shall not be made at maturity."  (Section 4052, Rev. Laws 1910.)

"In any case not provided for in this chapter the rules of the law merchant shall govern."  (Section 4050, Rev. Laws 1910.)

The sum payable—that is, the amount for which, by the terms of the instrument, the maker became liable, and which he might tender and pay in full satisfaction of his obligation—was, at the date thereof, to a certain extent, dependent upon his will; he had the right to pay a greater or less sum than the principal; he could, if he saw fit, within the prescribed period, discharge his debt at 94 per cent., or thereafter pay 100 per cent. on the dollar.  Under such condition, the sum payable was, at the time of the execution of the instrument, clearly indefinite and uncertain.

Unless the rule of the law merchant which obtained in this jurisdiction with respect to the certainty required in the sum payable in a negotiable instrument has been changed by the statute, *supra,* such rule still governs, and the note in question is nonnegotiable.

In our opinion, it is obvious that the statutory provisions above quoted do not purport to prescribe a rule

in this regard different from that recognized by the courts of this state before their enactment, in a case where a promissory note provided for the discount of a principal sum otherwise payable, if, at the option of the maker, payment is made before maturity.

We have examined the record and find no prejudicial errors. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.