FRED H. WATERHOUSE *vs.* JOSEPH P. CHOUINARD.

Androscoggin.     Opinion February 14, 1930.

*Harold L. Redding*, for plaintiff.
*Herbert E. Holmes*, for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

FARRINGTON, J. The case comes up on exceptions to a directed verdict for the plaintiff.

This was a suit on a promissory note for $400.00 given by the defendant, dated October 31, 1928, and payable to the order of C. E. Currier and by Currier, the next day, on November 1, 1928, endorsed and sold to F. H. Waterhouse, the plaintiff in this action, for the sum of $342.00.

The form of the note, together with the form of an agreement to which, at the time of the sale to the plaintiff, it was attached, was as follows:

"C. E. Currier        39 Dennison Street    Auburn, Maine.
COPPUS UNDER GRATE FORCED DRAFT BLOWER
Note and Agreement
Please deliver and install for me at 18 Blake St. City Lewiston,

County ———— State Maine, date 10/31, 1928, one Model Blower for $400.00 for which payment is made in cash and / or note below.

This contract shall be binding when accepted in writing on the bottom hereof or when cash or note is given and received in payment for the Blower and Thermostat before or after delivery.

The note may be detached and / or discounted at your pleasure.

| Date paid | | Amount |
|---|---|---|
| | Cash with order | |
| Six | months after date | $200.00 |
| | months after date | |
| | months after date | |
| Twelve | months after date | 200.00 |

### Guarantee

The 'Coppus Blower' is guaranteed to burn No. 1 Buckwheat Coal and regulate the pressure on steam plant and water temperature on hot water plant.

The life of this guaranty is one year, and if any service is necessary during this period, it will be rendered without additional charge.

This contract represents the only agreement existing between the purchaser and the seller.

Accepted
C. E. Currier                    Joseph P. Chouinard
Seller                          By — If a Firm or Corporation,
                                sign name of such firm or
                                corporation by agent.
                                Business address ...............

$400.00                    Lewiston, Maine, Oct. 31, 1928

For value received, I promise to pay to the order of C. E. Currier, Four Hundred Dollars, payable Two Hundred Dollars in six months after date and Two Hundred dollars in twelve months after date, with interest at six per cent per annum on payments overdue, with the privilege of discharging this note by payment of principal less a discount of five per centum within thirty days from the date hereof. The en-

tire principal of this note shall become due and payable on failure to pay any installment when due, whether demanded or not.

Joseph P. Chouinard."

At the trial the defendant, under objection, was permitted to state that he had never received the Coppus Blower and on that fact he relied, and now relies, for his defense, claiming that the instrument sued was not a negotiable note and that it was consequently open to all defenses available as between the original parties, including the defense of failure of consideration.

The first question, therefore, to be determined is whether the note in the case is a negotiable note under the Uniform Negotiable Instruments Act, Chapter 257, Laws of Maine, 1917.

Section 1 of the Act is as follows: "An instrument to be negotiable must conform to the following requirements:

(1.) It must be in writing and signed by the maker or drawer.

(2.) Must contain an unconditional promise or order to pay a sum certain in money;

(3.) Must be payable on demand, or at a fixed or determinable future time;

(4.) Must be payable to order or to bearer; and

(5.) Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

That the instrument in this case is in writing and signed by the maker is not controverted.

Does it contain "an unconditional promise or order to pay a *sum certain* in money"?

Although the point is not raised nor discussed by counsel, it becomes pertinent, as bearing on the question of whether the note was given for "a sum certain," to consider the effect on the promise to pay of the provision that it was "with the privilege of discharging this note by payment of principal less a discount of five per centum within thirty days from the date hereof."

As to whether or not such a provision in a note renders it non-negotiable the cases are in conflict. The Uniform Negotiable Instruments Act is silent as to the effect of such a provision.

In *Lamb* v. *Storey* (Mich.), 8 N. W., 87, it was held that an in-

strument payable on or before two years with interest at ten per cent was rendered non-negotiable by a provision that, if paid within one year, it would not draw interest. The decision is based on the element of uncertainty as to the amount promised.

The case of *National Bank* v. *Feeny* (S. D.), 80 N. W., 186, held that a stipulation in a note for a discount of twelve per cent, if it were paid before maturity, rendered it non-negotiable. In this case is quoted with approval the language of the Court in the case of *Merrill* v. *Hurley* (S. D.), 62 N. W., 958, that "This Court has placed itself in line with a class of authorities which require such a degree of certainty that the exact amount to become due and payable at any future date is clearly ascertainable at the date of the note, uninfluenced by any conditions not certain of fulfillment, and the rule thus established must control cases subsequently arising, where the facts are substantially the same."

Then the Court goes on to say, "Applying the test thus established to the notes in this case, the conclusion can not be avoided that they are non-negotiable."

In a later case of *Commercial Credit Co.* v. *Nissen*, 46 S. D., 303, 207 N. W., 61, were involved notes with a provision "with interest at 7% per annum payable annually. Principal or interest if not paid when due shall bear interest at 7% per annum payable annually." There was also a provision, "no interest if paid when due." It was held that the notes were not thereby rendered non-negotiable. The case involved a matter of interest and not a discount of the principal sum, as did the case which it seems to overrule. In any event we prefer the reasoning of the earlier case as applicable to the note in the case before this court.

In *Farmers' Loan & T. Co.* v. *McCoy et als*, 32 Okl., 277, 122 Pac., 125, 126, 40 L. R. A. (N. S.), 177, a provision in a note payable in four installments that "a discount of five per cent. will be allowed if paid within fifteen days from date" was held to render the note non-negotiable.

In *First National Bank of Iowa City, Iowa* v. *Watson* (Okl.), 155 Pac., 1152, a note payable in six installments contained the following provision: "A discount of six per cent. will be allowed if paid in full within fifteen days from date." In this case the Court said, "He (referring to the maker of the note) could if he saw fit, within

the prescribed period, discharge the debt at ninety-four per cent., or thereafter pay one hundred per cent. on the dollar. Under such condition the sum payable was at the time of the execution of the instrument, clearly indefinite and uncertain.

"Unless the rule of the law merchant which obtained in this jurisdiction with respect to the certainty required in the sum payable in a negotiable instrument has been changed by the Statute supra (referring to Negotiable Instruments Law), such rule still governs and the note in question is non-negotiable.

"In our opinion, it is obvious that the statutory provisions above quoted do not purport to prescribe a rule in this regard different from that recognized by the courts of this state before their enactment, in a case where a promissory note provided for the discount of a principal sum otherwise payable, if, at the option of the maker, payment is made before maturity."

In *Fralick* v. *Norton* (Mich.), 55 Am. Dec., 56, a note for $60.00, dated January 11, 1841, payable in two years, with a provision "if fifty dollars be paid on the first day of January, 1843, it shall cancel this note," was held to be non-negotiable.

In *Capital City State Bank* v. *Swift et al* (Okl.), 290 Fed., 505, a trade acceptance containing the provision "*if paid when due* a discount of $156.73, may be deducted reducing the face of this acceptance to $3142.92" was held negotiable. Phillips, District Judge, after stating that under the decided weight of authority in this country the provision contained in the trade acceptance in the above case did not render it non-negotiable, adds, "In making the foregoing statement, *I exclude those cases containing provisions which affect the instrument prior to its maturity*, and therefore during the time it is transferable as a negotiable instrument."

It will be noted that the acceptance in the last case provided for discount if paid when due, and the Court in the above statement clearly had in mind the necessity for certainty while it was a circulating medium before maturity, as it expressly excluded cases with provisions which would affect an instrument before it was due.

Cases holding that a provision for a discount before or at maturity does not render a note non-negotiable are, *Farmers' Loan & Trust Co.* v. *Planck* (Neb.), 152 N. W., 390; *Loring* v. *Anderson* (Minn.), 103 N. W., 722, citing 2 Ohio Cir. Ct., 96; *Harrison* v.

*Hunter* (Tex.), 168 S. W., 1036; also a case relating to rate of interest discount but not principal discount, *Union National Bank* v. *Mayfield* (Okl.), 174 Pac., 1034, affirmed in *Jackson* v. *Fennimore*, 230 Pac., 689; *First National Bank* v. *Rooney*, 11 Dominion L. R., 358, 24 West L. R., 163; *Stevens* v. *Baldy*, 67 Pa. Super. Ct., 145.

In the two lines of case cited there is a slight preponderance numerically in favor of those holding such an instrument negotiable, but this court is unable to escape the conclusion that the maker of the note in the case under consideration in promising to pay $400.00 one year after date in six months' installments of $200.00 each, "with the privilege of discharging this note by payment of principal *less* a discount of five per centum within thirty days from the date hereof," did not promise to pay a "sum certain," and we so find. There should be such a degree of certainty that the exact amount to become due and payable at any future date should be clearly ascertainable *at the date of the note*, uninfluenced by any conditions not certain of fulfillment. We may apply to this case the analogy of the statement by the Court in *Farmers' Loan & T. Co.* v. *McCoy*, supra, "he could if he saw fit, within the prescribed period, discharge the debt at 94 per cent, or thereafter pay 100 per cent on the dollar. Under such conditions the sum payable *was at the time of the execution of the instrument, clearly indefinite and uncertain.*"

The Uniform Negotiable Instruments Act is the product of careful and deliberate thought. If it had been the intention that a note like the one in the instant case should be regarded as containing a promise to pay "a sum certain," a provision to that effect could have been included in the section defining what constitutes "a sum certain," as has been done, for example, in the provision for costs of collections or attorneys' fees, with reference to which there was a conflict of decisions before the Negotiable Instruments Law was generally adopted.

Assume a note made payable in one year after date with a discount of 15% if paid within thirty days from date, and, if not paid within the thirty days, with the privilege of paying in full within sixty days with a discount of 10%, and, if not then paid, with a 5% discount if paid in full within ninety days. The element of un-

certainty is brought out and emphasized more clearly as the differing sums contained in such a promise are made manifest.

Basing the decision on our finding that the note in the case before us does not contain a promise to pay "a sum certain," we therefore hold that the note is non-negotiable, and that it was exceptionable error to have directed a verdict for the plaintiff.

In view of this finding, it becomes unnecessary to consider any other phase of the case.

*Exceptions sustained.*