ADELINE E. MORGAN and C. R. MORGAN, her Husband, *Appellants* v. THE MORTGAGE DISCOUNT COMPANY, a Florida Corporation, *Appellee.*

Division A.

Opinion filed July 1, 1930.

*H. Pierre Branning, J. R. B. Clemons* and *Cecil C. Curry,* for Appellants;

*Graham Magee* and *George T. Clark,* for Appellee.

ELLIS, J.—Adeline E. Morgan and C. R. Morgan, her husband, executed their joint promissory note on May 17, 1927, for the sum of $6,760 payable to the order of Nelson B. McLain on or before one year after date with interest at the rate of 8% per annum from date, interest payable semi-annually. The note contained a clause which provided that the deferred interest payments should bear interest from maturity at 8% per annum payable semi-annually.

On the same day a mortgage was executed by the makers of the note and delivered to McLain to secure the payment of the note and interest. The mortgage was upon certain lands described and contained covenants for the payment of the debt and interest, taxes and assessments and all costs, charges and expenses, including lawyers' fees reasonably incurred because of the failure of the mortgagors to comply with the agreements on their part to be performed.

The note and mortgage were assigned by McLain to The Mortgage Discount Company, which began a suit to foreclose on August 23, 1928.

The bill alleged that on November 17, 1927, the sum of $669.90 was paid on the note, leaving a balance of $6,090.40 unpaid; that neither the semi-annual interest accruing of $243.62 nor any part of the principal balance due has been paid. The defendants named were the makers of the note and mortgage.

The defendants appeared but failed to answer or demur. A *pro confesso* order was entered against them and the

matter referred to a master whose report was filed on October 18, 1928. The report showed that the principal sum of $6,090.40, together with interest amounting thereon to $454.76, were due and unpaid and the sum of $677.26 was a reasonable sum to be allowed for attorneys' fees.

A final decree was entered on October 28, 1928, based upon the report. The chancellor ordered the sums to be paid within twenty days and in default thereof that the property be sold and the proceeds of the sale applied to the payment of the debt, interest, costs, charges and attorneys' fees. Within thirty days the defendants filed a petition for a rehearing upon the ground that the computation of interest was incorrect; that it should be $446.60 instead of $454.76, as decreed by the court. The petition was denied and the defendant appealed.

From the date of the partial payment, which was on November 17, 1927, to the date of the master's report eleven months and one day intervened. The interest upon the balance of $6,090.40 for that period at 8% would amount to the sum of $447.95, but if calculated to the 17th of May, 1928, when the interest payment of $243.62 was due and that amount added to the principal and interest calculated for the remaining period of five months and one day the interest would amount to $456.13, the difference being $8.18, or the interest upon $243.62 due as interest on May 17, 1928, to the date of the report.

In behalf of the appellant, it is contended that the decree allowed compound interest for the period intervening the 17th day of May, 1928, and the date of the decree. The appellee replies that the note provides for it.

The question here presented is: is an agreement made before interest becomes due that it shall bear interest if unpaid valid in this State? The note and mortgage were both executed in this State.

The general rule is that in stating or settling accounts it is not permissible to make periodical rests, striking a balance at each rest, including interest, and to make such balance a new principal and compute interest thereon for the next period and so on as was done in this case.

In this case the agreement to pay interest upon interest from the date it became due was contained in the promissory note. Such an agreement violates no statute. It does not amount in this case to the taking of more by way of interest than the laws against usury permit. The agreement was made upon the faith of a regular and punctual payment of the interest and the computation of interest upon the interest supplied the place of prompt payment and indemnifies the creditor for his forbearance. It is founded upon a moral and equitable consideration, the forbearance to enforce payment and extension of time. See Young v. Hill, 67 N. Y. 162, 23 Am. R. 99; Sanford v. Lundquist, (Nebr.) 118 N. W. R. 129, 18 L. R. A. (N. S.) 633.

The latter case was one in which the agreement was made after interest became due. In such cases the courts are practically unanimous that such agreements are valid. In such cases the consideration is identical to support the agreement when made before the interest becomes due. See Bledsoe v. Nixon, 69 N. C. 89, 12 Am. R. 642.

Such is the method of computing interest upon an accounting by an administrator. Shepard's Heirs v. Shepard's Adm'r., 19 Fla. 300.

This is not a case, however, where the agreement provided that the accumulated interest should be added to the principal to form a new principal on which interest should be computed but the agreement was merely that "deferred interest payments" should "bear interest from maturity at 8 per cent per annum payable semi-annually." As said, such provision does not make the note usurious. If an

agreement had been made after the interest became due that it should bear interest it would have been a valid agreement according to the most generally accepted doctrine. See Palm v. Fancher, 93 Miss 785, 48 So. R. 818, 33 L. R. A. (N. S.) 275 n; Ellard v. Scottish Am. Mtg. Co., 97 Ga. 329, 22 So. E. R. 893.

There is a distinction between the agreement made in this case and an agreement to pay compound interest where periodically the accrued interest is added to the principal and interest is computed upon the new principal thus formed. We perceive in the agreement in this case no violation of any statute nor anything unconscionable or against public policy or injuriously oppressive to the debtor.

The other assignments of error need not be discussed.

The decree is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.