## THOMSON v. CALHOUN.
### No. 192506.
Small Claims Court, Dade County.

March 27, 1969.

22

Thomas J. Brennan, Coral Gables, for plaintiff.

Thomas B. Calhoun, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

The defendant loaned the plaintiff and his wife $10,000 on August 12, 1963. Plaintiff executed a promissory note for said sum to the defendant in the following words, in part —

> No._____$10,000.00 South Miami, Florida, August 13, 1963
> ONE YEAR_____after date, for value received,
> We promise to pay to the order of CAMILLE A. CALHOUN
> TEN THOUSAND AND NO/100_____DOLLARS,
> * * * with interest thereon at the rate of eight per cent per annum from date until fully paid. Interest payable semi-annually. * * * Deferred interest payments to bear interest from maturity at ten per cent per annum, payable semi-annually.
>
> GEORGE BAKER THOMSON (Seal)
>
> Due August 12, 1964                    BERYL C. THOMSON (Seal)

The uncontroverted evidence discloses that plaintiff made regular interest payments approximately every six months from the date of the note, and on August 12, 1966, was completely current on all payments of interest; that interest payments were not made during the next two semi-annual periods, to-wit, February 12, 1967, and August 12, 1967; that plaintiff, on November 8, 1967, paid the entire principal amount of said note — $10,000, plus $1,200 in interest demanded by the defendant.

Defendant admits that she computed the rate of interest at the rate of 10% on the unpaid principal, $10,000, from August 12, 1966, through November 8, 1967.

Plaintiff contends that defendant was estopped from charging 10% interest on the unpaid principal because she had accepted 8% interest thereon prior to and including the interest payment of August 12, 1966.

Plaintiff's contention is without merit. However, a proper interpretation of the terms of the note above described supports plaintiff's contention that plaintiff was charged and has paid interest in excess of the amount authorized by the note.

A proper construction of the note legally entitles the defendant (payee) to charge and receive interest at 8% on unpaid principal *until fully paid*. The note provides for *deferred interest payments* on interest from maturity of said interest at 10% per annum. The 8% interest authorized on principal applies not only to interest payments thereon before maturity of the note, but after maturity thereof. See Connecticut Mutual Life Insurance Co. v. Fisher, Fla., 165 So.2d 182; Morgan v. Mortgage Discount Co., 100 Fla. 124, 129 So. 589.

In the *Morgan* case the note provided for interest at 8% per annum and provided for deferred interest payments to bear interest from maturity at 8% per annum. The Supreme Court of Florida in that case recognized that the provision for deferred interest payments authorized interest upon interest, which indemnified the creditor for his forbearance.

In Burns Mortgage Co. v. Fried, 292 U.S. 487, 78 L. Ed. 1380, 54 S. Ct. 813, the U.S. Supreme Court (applying Florida law) construed notes with identical language (except for rate of interest) as the note in the case now before the court, and stated —

> "* * * They provide for interest on the principal sum at the rate of seven per cent per annum from date until fully paid, for interest payable semi-annually, and add that deferred interest payments shall bear interest from maturity at ten per cent per annum, payable semi-annually. While, therefore, the principal is to bear interest at seven per cent, *overdue* interest is to be paid with interest at ten per cent. The word 'maturity' seems obviously to refer to the due dates of interest and not to the date for payment of principal." (Italics added.)

See also First Nat. Bank v. Bosler, 297 Pa. 353, 147 A.74; New Miami Shores Corp. v. Duggan, 9 N.J. Mis. R. 620, 155 A. 262, affirmed in 109 N.J.L. 220, 160 A. 515; Ardmore State Bank v. Lee, 61 Okla. 169, 159 P. 903; Seabury v. Sibley, 183 Mass. 105, 66 N.E. 603; Gazlay v. Riegel, 16 Pa. Super. Ct. 501; Overton v. Tyler, 3 Pa. St. 347, 45 Am. Dec. 645; Davis v. Brady, 17 S. D. 511, 97 N.W. 719; Story v. Lamb, 52 Mich. 525, 18 N.W. 248;

Waterhouse v. Chouinard, 128 Me. 505, 149 A. 21; Williston, Neg. Inst. (1931) p. 37.

Accordingly, it is the court's finding and determination that for interest due on principal on February 12, 1967, defendant was legally entitled to charge and receive $400, at the rate of 8%; $400 for interest on unpaid principal due August 12, 1967; and $183.27 for interest on unpaid principal from August 12, 1967, through November 8, 1967 — or a total aggregate amount of interest earned on unpaid principal from August 12, 1966, through November 8, 1967, of $983.27.

Under the provision in the note calling for deferred interest on interest at 10%, defendant was legally entitled to charge and receive almost nine months interest in the amount of $30 on $400 overdue interest (due on February 12, 1967 and paid November 8, 1967); and almost three months interest on overdue interest of $400 (due August 12, 1967, and paid on November 8, 1967) in the amount of $10 — or the total aggregate sum of $40 interest on overdue interest.

Plaintiff, on the basis of the foregoing findings, therefore, as of November 8, 1967, owed defendant the total sum of interest on unpaid principal (at 8%) and interest on overdue interest (at 10%) of $1,023.27. Defendant having charged and received $1,200 interest, has overcharged plaintiff in the amount of $176.73.

Judgment is hereby entered for plaintiff in the sum of $176.73, plus costs of $8.41.