# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1773
Lower Tribunal No. 21-11141
_____

**100 Lincoln RD SB, LLC, etc.,**
Appellant,

vs.

**LoanCore Capital Credit REIT LLC, etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Mitrani, Rynor, Adamsky & Toland, P.A., Loren H. Cohen, Isaac J. Mitrani, and Daniel S. Bitran, for appellant.

Bilzin Sumberg Baena Price & Axelrod LLP, David W. Trench, Enza G. Boderone, and Kenneth J. Duvall, for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, 100 Lincoln Road SB, LLC ("Lincoln"), the mortgagor, challenges a final summary judgment of foreclosure rendered in favor of appellee, LoanCore Capital Credit REIT LLC, the mortgagee. On appeal, Lincoln concedes it defaulted under the repayment terms of the duly executed promissory note, which was secured by the mortgage. It contends, however, that the trial court erroneously awarded interest at the default rate on a compounded balance comprised of both principal and interest in arriving at the amount reflected in the final judgment.

The loan documents expressly provided that "the entire unpaid Debt shall bear interest at the Default Rate." The word "Debt" was used to describe "the unpaid principal, all interest accrued and unpaid thereon." The "Default Rate," in turn, was defined elsewhere as the lesser of the maximum rate allowable by law or five percent above the interest rate, compounded monthly.

Harmonizing these provisions, as we must, we conclude the parties anticipated the payment of interest upon interest in the event of default. See Morgan v. Mortg. Disc. Co., 129 So. 589, 590 (Fla. 1930) ("In this case the agreement to pay interest upon interest from the date it became due was contained in the promissory note. Such an agreement violates no statute."); N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla.

2

3d DCA 2003) (quoting 32 Fla. Jur. 2d <u>Interest and Usury</u> § 73 (2003)) ("A provision in a promissory note calling for the payment of interest on deferred or past-due interest does not make the note usurious, because computing interest upon interest supplies the place of prompt payment and indemnifies the creditor for his or her forbearance."); <u>see also</u> <u>City of Homestead v. Johnson</u>, 760 So. 2d 80, 84 (Fla. 2000) ("[T]he rule of construction requir[es] courts to read provisions of a contract harmoniously in order to give effect to all portions thereof."). We further observe that the affidavits designed to defeat summary judgment provided no methodology for arriving at the figures contained therein. Accordingly, we impute no error to the decision under review. <u>See</u> <u>Div. of Admin., State Dep't of Transp. v. Samter</u>, 393 So. 2d 1142, 1145 (Fla. 3d DCA 1981) ("[N]o weight may be accorded [to] an expert opinion which is totally conclusory in nature and is unsupported by any discernible, factually-based chain of underlying reasoning."); <u>see also</u> Fla. R. Civ. P. 1.510(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); <u>In re Amends. to Fla. Rule of Civ. Proc. 1.510</u>, 317 So. 3d 72, 75 (Fla. 2021) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)) ("[T]he correct test for the

existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

Affirmed.