## FOSS v. PETTERSON et al.

Where in an action on a benefit certificate by a substituted beneficiary, a stranger to the member, the answer alleged that plaintiff was neither a relative of the insured nor dependent on him, nor entitled to the proceeds of the certificate under the by-laws of the society or under the laws of the state in which the society was organized, evidence that a by-law of the society provided that certificates should be payable only to the wife or surviving children of the member or a person related to him as heir, was admissible, as showing that plaintiff was disqualified from becoming a beneficiary.

A member holding a certificate in a benefit society stipulating that certificates shall be made payable only to the wife or children of the member or a person related to him as heir, cannot, either under the certificate or under Rev. Civ. Code, § 712, providing that the beneficiary in such a certificate shall be the husband, wife, or heir of the insured member, change the beneficiary by substituting a stranger in the place of a dependent brother of the member; and the latter, notwithstanding the attempted change, is entitled to recover on the certificate.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Charley A. Foss against the Modern Woodmen of

America, in which, on the application of defendant, Rolf Petterson, by Gustave Petterson, his guardian, was substituted as a party defendant. From a judgment for defendant Rolf Petterson, plaintiff appeals. Affirmed.

· *Joe Kirby,* for appellant.

That the Court erred in directing the verdict complained of is manifestly clear for diverse reasons, and first, because the respondent never had anything more than a contingent interest in the first certificate and second, the Association, which alone could raise the question of the eligibility of the applicant as a beneficiary has waived the same by paying the money into Court. 2 May on Insurance, Sec. 399 E. Knights of Honor v. Watson, 15 At. 125. Martin v. Stubbings, 18 N. E. 661. Masonic Mut. Ben. Society v. Burkhart, 10 N. E. 79. Bacon on Benefit Societies, etc., Sec. 296 (p. 451) Id. Sec. 306, p. 473. Richmond v. Johnson, 10 N. W. 596. Johnson v. Knights of Honor, 8 L. R. A., 735. Since our statutes are silent upon pleading private statutes, city ordinances, etc., except as laid down in Sec. 233 of the Rev. Cr. Pro., which has no application here, we are relegated to the general rules of pleading and the decided cases bearing upon this and kindred subjects. Boisot on By-Laws, Sec. 158; Wright v. Supreme Commandery, 13 S. E. 564; Woman's C. A. F. v. Condon, 84 Ill. App., 564; O'Connell v. Supreme Conclave 28, S. E., 282; 20 Encyl. Pl. & Pr. 596-601. A foreign statute must be pleaded, and it is not sufficient merely to refer to it by its title or date of approval, or to state what, in the judgment of the pleader, are its general requirements. Carey v. Cincinnatti, etc., R. Co., 5 Ia. 357. (Citing Bean v. Briggs, 4 Iowa 464; Walker v. Maxwell, 1 Mass. 104; Legg v. Legg, 8 Mass. 99; Collett v. Keith, 2 East 261).

*Wells* & *Teigen,* Attorneys for Respondent.

A change of beneficiaries is governed by the same rule as the original appointment. Where the laws of the state under which a corporation is organized direct who may be and who may not be beneficieries, and the corporation frames its constitution and by-laws in accordance with the act of its creation, then anyone to be a · beneficiary under this certificate, issued by said corporation, must

come within the terms prescribed by said act and the constitution and by-laws of said corporation, and where the law and constitution and by-laws limit the beneficiaries to members of the family, or to one who is dependent on the assured, then one who is neither a relative. nor dependent cannot be a beneficiary under the benefit certificate, neither can he take or acquire any interest therein by virtue of any transfer or assignment thereof. Warner v. Modern Woodmen of America, 61 L. R. A., p. 603; Singe v. Singe, 106 Ills. App., p. 140; Fisher v. Donovan, 77 N. W., pp. 778 to 780. Ringe v. New England Mutual Aid Assn., 146 Mass., p. 286.

The statute of this state, where the society was incorporated, provides payments of death benefits shall only be made to the family, heirs, blood relations, widow, affianced husband or wife, or to person or persons dependent upon the member.

Under the facts of this case and the laws of this state applicable to such facts, no person can be eligible to receive or participate in the benefit fund who did not bear to the deceased member some one of the relations provided for in the constitution or by-laws of the society, and these must be within the scope provided for or permitted by the statutes of the state wherein the society was incorporated. Baldwin v. Beggley, 185 Ills., 180; Old People Home Society v. Wilson, 176 Ill. 94; Alexander v. Parker, 144 Ill., 355; Rockford v. Canton Masonic Benevolent Society, 129 Ills. 440. The presumption of law, as stated by this Supreme Court, is that the law of a sister state, in the absence of proof, will be presumed to be the same as the law of this state. Morris v. Hubbard, 10 S. D., p. 259; 72 N. W., p. 895; Sandmeyer v. Ins. Co., 2 S. D., p. 346; 150 N. W., p. 353; Meuer v. R. R. Co., 5 S. D., p. 568; 59 N. W., p. 548; Commercial Bank v. Jackson, 7 S. D., p. 135; 63 N. W., p. 548; 6 S. D., p. 607; 70 N. W., p. 847.

FULLER, P. J. This action as instituted was to recover the amount specified in a benefit certificate purporting to have been issued to one of its members by the Modern Woodmen of America on the day of such member's death, and, upon a sufficient showing that the defendant society stood ready to pay the full amount claimed to the legal beneficiary, the money was deposited in court, while the action

proceeded in the name of plaintiff against Rolf Petterson, a brother of the deceased Woodman and the sole beneficiary named in the original benefit certificate issued on the 3d day of November, 1903. After the introduction of testimony tending to prove that the name of plaintiff was by means of fraud and forgery substituted for that of the beneficiary, Rolf Petterson, without the knowledge or consent of the insured, the following allegation of the answer was established by the undisputed evidence and remains unchallenged in this .court: "That the said plaintiff is neither a relative in any degree of the said Gustave L. Petterson, nor a dependent, nor is he entitled to any of the proceeds of said beneficial certificate under the constitution, by-laws, or charter of said order, the Modern Woodmen of America, nor by tne laws of the state of Illinois, being the state under whose laws the said society, the Modern Woodmen of America, was organized." Under the foregoing and other paragraphs of the answer, and over the objection of counsel for plaintiff, the trial court very properly admitted in evidence the by-laws of the society, which provide that "benefit certificates shall be made payable only to the wife, surviving children, or some other ·person or persons specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood relative, or person dependent upon him, or member of his family, whom the applicant shall designate in his application; provided, however, that no payment shall be made upon any benefit certificate to any person who does not bear such·relationship as wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death." For the reason that plaintiff was confessedly disqualified under these by-laws from becoming a beneficiary in any event, a verdict was directed in favor of defendant, Rolf Petterson, and the judgment complained of was entered, dismissing the action upon its merits.

A standard author elucidates the objections that exist against the substitution or original designation of a beneficiary having no insurable interest in part as follows: "In either case the holder of such policy is interested in the death, rather than the life, of the insured. The policy of the law forbids such speculations based on the

continuance of human life. It will not uphold a practice which incites danger to human life, and it substantially declares that no one shall have any claim under a policy upon the life of another in whose life he had no insurable interest at the time that he acquired the policy, whether the policy be issued to him directly from the insurer, or whether he acquires the policy by purchase and assignment from another." May on Insurance, § 398. Were we to indulge the unjustified assumption that the insured Woodman actually attempted to substitute plaintiff as a beneficiary instead of his dependent brother, such action would be invalid, as against public policy, and, by reason of the original designation still remaining in force, the insurance would go to the latter. Elsey v. Odd Fellows' Mutual Relief Association, 142 Mass. 224, 7 N. E. 844; State v. Standard Life Association, 38 Ohio St. 281; Presbyterian Assur. Fund v. Allen 7 N. E. 317; Sup. Lodge Knights of Honor v. Nairn, 60 Mich. 44, 26 N. W. 826; Fisher v. Donovan 77 N. W. 779, 44 L. R. A. 383. The statute of Illinois, pursuant to which the Modern Woodmen of America incorporated for the transaction of business, was not produced at the trial, but section 712 of our Revised Civil Code is as follows: "No corporation or association organized or operating under this article shall issue any certificate of membership or policy to any person * * * unless the beneficiary under said certificate shall be husband, wife, relative, legal representative, heir or legatee of such insured member, nor shall any certificate be assigned; and any certificate issued or assignment made in violation of this section shall be void." According to all the authorities it seems vitally essential to an effective change of the beneficiary named in the certificate of fraternal life insurance that the insured member observe the by-laws of the society and keep within the limitations prescribed by the laws of the state under which the society originated, and in determining the legal status of a substituted beneficiary it will be presumed in this state, there being no evidence to the contrary, that the law of such sister state is the same as our own. Sandmeyer v. Dakota F. & M. Ins. Co., 2 S. D. 346, 50 N. W. 353; Meuer v. C. M. & St. P. Ry. Co., 5 S. D. 568, 59 N. W.

945, 25 L. R. A. 81; Morris v. Hubbard, 10 S. D. 259, 72 N. W. 894.

Plaintiff being a stranger to the insured and expressly prohibited by the statute and by-laws from becoming his beneficiary, either by original designation or substitution, the verdict was properly directed against him, and the judgment appealed from is affirmed.