COMMERCIAL CREDIT COMPANY, Appellant, v. NISSEN, Respondent.

(181 N. W. 99.)

(File No. 4706.   Opinion filed January 29, 1921.   Rehearing denied March 25, 1921.)

1.  New Trials—Promissory Notes For Tractors Purchased, Defense No Consideration—Evidence In Another Trial Re Settlement For Notes, As Basis For New Trial—Whether Notes In Suit Embraced In Other Trial—New Trial Ordered.

In a suit by an endorsee on promissory notes, defended against for want of consideration, defendant claiming the notes were each for value of a tractor sold by plaintiff, and that tractors whose price was represented by the notes in suit were not delivered, and new trial having been demanded by defendant on ground of newly discovered evidence introduced in another suit between W bank and defendant, in which the bank sought to recover upon a paper given by defendant therein to the tractor company, payee in the notes, as partial consideration for a full settlement of tractor company's claims against defendant; which evidence represented correspondence between defendant

and W bank representing the tractor company and between said bank in its South Dakota correspondent bank, concerning the settlement, and to effect that tractor company held certain notes given it by defendant and several bills of lading with drafts against defendant attached thereto, and several trade acceptances executed by him, that the tractor company, through said banks, sought to obtain a settlement whereby defendant was to give in full settlement of all said claims certain trade acceptances and a sum in cash, that among the notes sought to be included in the settlement were notes aggregating the five in the present suit, that W bank, representing that the notes were lost, agreed to protect defendant against them if he would settle therefor, that the South Dakota bank ascertained that the notes represented as lost were those in the present suit and were in plaintiff's attorneys' hands for collection, which facts were reported to W bank, and that a settlement was finally effected under which the amount of said notes was deducted from said cash payment; held, that while said correspondence introduced in the other suit consisted mostly of letters between the banks which would perhaps be inadmissible in the present suit, yet trial court should have presumed that authors of the correspondence would testify in accordance with contents thereof, that while defendant might have declined to include those notes in said settlement as being without consideration, yet, no such claim having been made in reaching the settlement, the facts so disclosed might have defeated defendant's claim of want of consideration, and new trial should have been granted.

2. **New Trials—Newly Discovered Evidence, Diligence Re—Corporation's Ignorance Of Facts, Diligence Through Attorney.**

Where a foreign corporation plaintiff, having no officers in this state, and having left the notes in suit with its resident attorney for collection, the attorney having sought information concerning an alleged settlement in another suit involving the notes in the present suit, through inquiry of a bank which was party to the alleged settlement transaction, and having been informed by a bank officer that the alleged settlement had fallen through, held, that the fact that he relied on information received from the bank and knew nothing to contrary until the trial in the other case was had subsequently to the trial in the present case, was a sufficient answer to the objection of want of diligence in seeking newly discovered evidence, and that there was proper showing of corporation's ignorance of said facts.

3. **Same—Newly Discovered Evidence, Diligence Re—Affidavits Of Corporate Officers, Non-Necessity Of Procuring, Reasons Stated—Correspondence, Certified Copies Sufficient.**

It is unnecessary for a party moving for new trial on ground of newly discovered evidence, to procure, for that purpose, affidavits of corporate officers concerning the facts involved, since it will not be presumed that such officers, or defendant (respondent in re motion for new trial) would voluntarily make affidavits as to the information it possessed; that certified copies of the correspondence in question, received in evidence upon another trial, was sufficient basis upon which trial court might conclude that proper evidence of the facts disclosed by the correspondence would be procured upon another trial.

Appeal from Circuit Court, Brown County. HON. FRANK ANDERSON, Judge.

Action by Commercial Credit Company, a corporation, against W. C. Nissen, to recover, as endorsee, upon promissory notes. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*W. F. Corrigan,* for Appellant.

*Frank McNulty,* for Respondent.

WHITING, J. Plaintiff, as the indorsee of five promissory notes given by defendant to the Interstate Tractor Company, sued to recover upon said notes. Defendant alleged, among other things, a total want of consideration for said notes. At the close of the evidence both parties moved for directed verdict, and the court directed a verdict for defendant. From the judgment entered thereon and from an order denying a new trial this appeal was taken.

As we view the questions before us, it becomes unnecessary for us to consider any assignment of error, except the one assigning error in the court's refusal to grant a new trial upon plaintiff's showing of newly discovered evidence. To sustain his defense of no consideration defendant testified that he executed 50 notes of $1,072 each, of which 15 were payable in $5\frac{1}{2}$ months, 20 in 6 months, 5 in $6\frac{1}{2}$ months, and the maturity of the other 10 not shown; that the notes sued on herein were the 5 due in $6\frac{1}{2}$ months; that each separate note represented the purchase price of a tractor to be shipped by the payee to him; and that the said payee failed to ship the 5 tractors for which these particular notes were given. Defendant conceded that 33 of the tractors, for which the 35 notes first due were given, were shipped and received by him. Plaintiff contends that this was an indivisible

transaction, and that the defendant received at least 33-50ths of the agreed consideration for the notes. In order for the trial court to direct a verdict for the defendant, it was necessary for such court to have found with defendant on his claim of no consideration for the notes. The alleged newly discovered evidence bears upon such defense. Plaintiff is a foreign corporation, and the affidavit supporting the motion for a new trial was that of its attorney, resident in this state. From such affidavit it appears that since the trial of this action an action has been tried in the federal court in this state, wherein the First National Bank of Waterloo, Iowa, was plaintiff and the defendant herein was defendant, in which action said bank sought to recover from defendant a sum of money upon a paper given by defendant to the tractor company as partial consideration for a full settlement of the claims of such company against defendant. It appears that upon the trial of said cause there was received in evidence certain correspondence that had passed between defendant and the Waterloo bank representing the tractor company, and between the Waterloo bank and its banking correspondent at Aberdeen, S. D. This was correspondence had in connection with and leading up to the settlement above referred to. From such correspondence it would appear that the tractor company was holding a number of the notes given to it by defendant, as well as several bills of lading with drafts against defendant attached thereto, and several trade acceptances executed by defendant; that said tractor company, through said banks, sought to obtain a settlement whereby defendant was to give, in full settlement of all these claims, certain trade acceptances and a certain sum in cash; that among the notes which the tractor company claimed to hold against defendant, and which it sought to include in such settlement, were notes aggregating $5,360; that the Iowa bank, representing that these notes were lost, agreed to protect defendant against them if he would settle for same; that the Aberdeen bank ascertained that these notes, so represented to be lost, were the notes in suit in this action and were then in the hands of the plaintiff's attorney for collection; that such bank advised the Waterloo bank of that fact; and that a settlement was finally effected, under which the amount of said notes was deducted from the cash payment that was otherwise to have been made by defendant.

[1]   While the correspondence introduced upon the trial in the case in the federal court consisted mostly of letters written by the banks, none of which would perhaps be admissible in this case against defendant, yet the trial court should have presumed that the authors of such correspondence would, if called as witnesses, testify in accordance with the contents of such correspondence.   Defendant might have declined to include these notes in said settlement upon the ground that they were wholly without consideration; but it does not appear that any such claim was made in reaching such settlement—the only reason appearing for excluding them being that they were held by a third party.   We therefore think that the facts disclosed upon the trial of this case might well defeat defendant's claim that there was no consideration for the notes now in suit.   The trial court should have granted a new trial to give plaintiff an opportunity to produce evidence of these facts.

[2]   Respondent contends that there was no proper showing of diligence on the part of plaintiff in seeking to procure evidence in relation to such settlement, and that there was no showing that the corporation itself was in ignorance, at the time this action was tried, of the facts disclosed upon such settlement. We think there is no merit in either of these contentions.   Plaintiff was a foreign corporation with no officers in this state, and the collection of these notes had been intrusted to its attorney resident at Aberdeen.   It appears that this attorney, prior to the trial of this cause, heard rumors that a settlement was being made between defendant and the tractor company, through the Aberdeen bank.   He sought information from both the defendant and the bank in relation thereto, but was given to understand that the settlement had fallen through.   He also wrote the tractor company and received no answer.   He relied upon the information received from the bank and knew nothing to the contrary until the trial in the federal court, which occurred after the trial of the cause now before us.

[3]   It is contended that plaintiff should have procured and presented upon its motion for a new trial the affidavits of the several persons whom it would desire to produce as witnesses at such new trial.   It is not to be presumed that officers of the banks, or that defendant, would voluntarily make affidavits as to

the information possessed; and we believe that, when such attorney attached to his affidavit certified copies of the correspondence which had been identified and received in evidence upon the trial in the federal court, it presented sufficient evidence upon which the trial court was warranted in concluding that it could and would, if granted opportunity, procure proper evidence of the facts disclosed by such correspondence.

The judgment and order appealed from are reversed.