## COMMERCIAL CREDIT COMPANY, Appellant v. NISSEN, Respondent.

### (207 N. W. 61.)

( File No. 5384.    Opinion filed January 23, 1926.)

1. **Evidence—Foreign Laws—Presumptions—Law of Foreign State Governing Negotiatiable Instruments Presumed Same as Law of State In Which Note Sued On, In Absence of Pleading or Proof of Foreign State Law.**

    In suit in South Dakota on notes, interpretation of which by their terms are to be governed by law of Iowa, in absence of pleading or proof of law of Iowa, court must presume that law of Iowa is the same as law of South Dakota.

2. **Bills and Notes—Notes Held Not Non-negotiable on Ground of Uncertainity As to Amount to Be Paid Because of Interest Provision.**

    Under Laws 1913, c. 279, Sec. 194, and Rev. Code 1919, Sec. 3, held that provision in notes that they should not bear interest if paid when due, did not render them nonnegotiable because of uncertainty as to amount to be paid.

3. **Bills and Notes—Attorneys—Attorney Fee Clause Held Not to Render Notes Nonnegotiable.**

    In view of Rev. Code 1919, Sec. 2604, held that clause in notes providing for attorney's fees does not render notes nonnegotiable.

4. **Bills and Notes—Holder in Due Course—Indorsee Held Entitled to Recover Only Amount Paid on Notes Before Knowledge of Defenses Acquired.**

    Where indorsee of notes acquired knowledge of defenses against it after indorsee had paid only 75 per cent, of face value of notes, held under Rev. Code 1919, Sec. 1758, in action on such notes, indorsee could recover only such 75 per cent.

    Dillon, J., dissenting.

Appeal from Circuit Court, Brown County; Hon. B. A. WALTON and R. D. GARDNER, Judges.

Action by the Commercial Credit Company against W. C. Nissen. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Remanded, with directions.

*W. F. Corrigan*, of Aberdeen, for Appellant.
*Frank McNulty*, of Aberdeen, for Respondent.

(1) To point one of the opinion, Appellant cited: Chandler v. Kennedy, 8 S. D. 637, 56 N. W. 439.

Respondent cited: First National Bank v. Doeden, 21 S. D. 400, 113 N. W. 81; Morris v. Hubbard, 10 S. D. 259, 72 N. W. 894; Meuer v. C. M. & St. P. Ry. Co., 5 S. D. 574, 59 N. W. 945, 25 L. R. A. 81; Sandmeyer v. Dakota F. & M. Ins. Co., 2. S. D. 350, 50 N. W. 353; Iowa Loan & Trust Co. v. Schnose, 19 S. D. 248; Foss v. Petterson, 20 S. D. 93, 104 N. W. 915; Commercial Bank v. Jackson, 7 S. D. 135, 63 N. W. 548; Navajo County Bank v. Dolson, 126 Pac. 153, 41 L. R. A. (N. S.) 787.

(2) To point two, Appellant cited: Sharpe v. Schoenberger, 184 N. W. 209.

(3) To point three, Appellant cited: National Bank of Commerce v. Feeney, 9 S. D. 550, 70 N. W. 874.

GATES, P. J. This is an action brought on 5 of a series of 50 promissory notes for $1,072 each, given for the purchase of 50 tractors. Only 33 tractors were delivered, and 10 other of the notes besides the 5 in suit remain unpaid. Each of the 5 is in words and figures as follows (italics ours):

"$1,072.00                    Waterloo, Iowa, Dec. 15, 1917.

"Six and one-half months after date for value received I promise to pay to the order of Interstate Tractor Co. at the office of the First National Bank, in Waterloo, Iowa, ten hundred, seventy-two and no/100 dollars. *With interest at 7 per cent, per annum, payable annually*. Principal or interest if not paid when due shall bear interest at 7 per cent. per annum, payable annually. A failure to pay interest when due shall cause this note to mature. The makers, indorsers, guarantors and sureties *agree to pay any attorney's fee as provided by the laws of Iowa in case note is not paid at maturity* and consent that any justice of the peace shall

have jurisdiction of action brought hereon to the amount of three hundred dollars, and also severally waive protest and diligence in bringing suit hereon. It is also agreed that this note *is an Iowa contract, to be construed according to the laws of Iowa. No interest if paid when due."*

Before the maturity of the notes they were indorsed to plaintiff, who agreed to pay the Interstate Tractor Company the full amount of the face of the notes, and did pay 75 per cent. thereof, leaving, by agreement, the payment of the other 25 per cent. until collected. This case was before us on a former appeal, 43 S. D. 564, 181 N. W. 99, which see. Plaintiff appeals from the judgment and from an order denying new trial. Our colleague says that appellant was not a holder in due course because it purchased the notes with full knowledge of respondent's defense thereto as against the payee. The trial court did not so find, nor would the evidence have sustained a finding to that effect. The evidence shows without dispute that plaintiff paid the 75 per cent on or about April 25th, while knowledge of the defenses did not come to it until May 2d.

The interpretation of these notes, by their terms, is governed by the law of Iowa. Two questions are raised as to the negotiability of these notes. It is contended by respondent: (1) That the provision that the notes should not bear interest if paid when due renders them nonnegotiable; (2) that the attorney fee clause in the notes renders them nonnegotiable.

[1, 2] Taking up the first contention, what is the law of Iowa on that question? The law of Iowa thereon was neither pleaded nor proved. Therefore we must presume that the law of Iowa is the same as the law of South Dakota. What, then, is the law of South Dakota?

Prior to the adoption of the Negotiable Instruments Law in 1913, the law of South Dakota clearly was that such provision for discount, if paid on or before due, rendered the amount uncertain, and therefore that the note was nonnegotiable. Nat. Bank of Commerce v. Feeney, 12 S. D. 156, 80 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594. The Negotiable Instruments Law does not contain any express provision covering the question (5 Uniform Laws Ann. 26, note); therefore by reason of section 196,

Negotiable Instruments Law (section 194, c. 279, Laws 1913), the rules of the law merchant govern. That section says:

"In any case not provided for in this act the rules of law and equity including the law merchant shall govern."

Therefore the law merchant was the law of South Dakota on this subject at the time the transactions in question were had, and has been ever since the adoption of chapter 279, Laws 1913. In the Code revision of 1919 that section was omitted from its place under the Negotiable Instruments Law, but was inserted in section 3, Rev. Code 1919, as follows:

"The evidence of the common law, including the law merchant, is found in the decisions of the tribunals. In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in the preceding section."

Leaving out of consideration for the present the attorney fee clause, there is nothing uncertain in this note as to the amount necessary to pay it. On any day from its date, to and including July 1, 1918, the amount required was $1,072. On any date after July 1, 1918, the amount required was $1,072, with interest at 7 per cent. from December 15, 1917, payable annually, together with like interest on unpaid interest. Those sums could be, and necessarily were, foreseen on the date the note was given; therefore it cannot consistently be said that there was any uncertainty as to the amount to be paid. Loring v. Anderson, 95 Minn. 101, 103 N. W. 722; Capital City St. Bank v. Swift (D. C.) 290 F. 505.

The great weight of authority both in number and soundness of reasoning is contrary to the holding of this court in Nat. Bank of Commerce v. Feeney, supra. We, therefore, are satisfied that the law merchant does not hold that such a provision renders a note nonnegotiable. Such, therefore, is today the law of South Dakota, and, therefore, upon the record before us, is presumptively the law of Iowa.

[3] Now as to the attorney fee clause: By pleading and proof the plaintiff established that under the law of Iowa such a provision was lawful. It did not plead and prove what effect such attorney fee clause had upon the negotiability of the note, although it might easily have pleaded and proved the provisions of

section 5916, Iowa Comp. Code 1919.  We must therefore ascer-
tain what the law of South Dakota is as to the negotiability of a
note containing such a clause.  Prior to the adoption of chapter
16 of the last territorial Legislature of Dakota in 1889, such a
provision rendered a note nonnegotiable according to the law of
Dakota Territory.  But such act declared such a clause to be con-
trary to public policy and void, and such is the law today.  Sec-
tion 1, c. 16, Laws 1889; section 412, Rev. Code Civ. Proc. 1903;
sections 2604, 1706, Rev. Code 1919.

The decisions of this court since statehood have consistently
held that such attorney fee clause does not render the note non-
negotiable; therefore we will presume that under the law of Iowa
such clause does not render the note nonnegotiable.

To be sure, this court has rested its decision upon the ground
that such clause was a nullity, and, therefore, the note was to be
interpreted the same as though such clause were absent, but that
matter only goes to the process of reasoning by which this court
arrived at its conclusion.  The law of South Dakota being that
the negotiability of the note is not destroyed by such clause, we
will presume the law of Iowa to be the same.  We are unable to
declare what the law of South Dakota is as to the negotiability of
such note, where the attorney fee clause must be held to be valid.
There is and can be no such law in South Dakota so long as sec-
tion 2604, Rev. Code 1919, stands.  It is unthinkable.  If we
should speculate as to what the law of South Dakota might be as
to the negotiability of the note in case such clause was lawful, we
would find, on the one hand, the territorial decision Garretson v.
Purdy, 3 Dak. 178, 14 N. W. 100, and decisions of a minority of
the courts holding that such clause destroyed negotiability, while,
on the other hand, the preponderance of authority at common law,
including the law merchant, was to the effect that the negotiability
of the note was not thereby destroyed.  4 A. & E. Ency. of Law,
98; Capital City State Bank v. Swift, supra.  Therefore, even if
we should feel compelled to analyze the reasoning of this court
which led to the holding that such clause does not destroy the
negotiability of the note, and if we should feel compelled to hold
that by reason of such analysis we should not presume the law
of Iowa to be the same as here because there the clause is lawful,
yet we would still find that under the common law, including the

law merchant, the attorney fee clause did not destroy the negotiability of the note, and we would therefore presume that such was the law of Iowa. We are therefore led to the conclusion that appellant was a holder in due course of the notes in suit.

[4] But, even if the notes are negotiable, the plaintiff is only entitled to recover from defendant 75 per cent. of the face value of the notes. Section 1758, Rev. Code 1919 (section 54, Negotiable Instruments Law), provides:

"Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

In this case plaintiff has paid only $4,020. It is therefore only entitled to recover that sum, with interest.

We are of the opinion that the judgment of this court should remand the cause to the trial court, with directions to enter judgment for plaintiff for $4,020, with interest at 7 per cent. from December 15, 1917, and for its costs.

In this court no costs will be taxed.

CAMPBELL, J., disqualified, not sitting.

DILLON, J. (dissenting). This is an action brought to recover on certain promissory notes, and has been before this court on a former appeal. Commercial Credit Co. v. Nissen, 43 S. D. 564, 181 N. W. 99. In this opinion this court reversed the judgment of the lower court and granted a new trial on the grounds of newly discovered evidence. The facts of the case are thoroughly reviewed in the former opinion. The newly discovered evidence had to do with an action in Iowa on the whole transaction against defendant by a bank, representing payee tractor company. In this action defendant's liability was determined on the theory that the contract was indivisible, and the notes in suit were excluded as, outstanding. The verdict of the lower court on the first trial in this state was directed for defendant on the theory that the 50 transactions were separable. In the second trial appellant completely abandoned his alleged newly discovered evidence, and the two questions now before this court are whether or not the notes were negotiable in South Dakota, and, if so, whether or not there was a want of consideration.

The evidence shows that plaintiff purchased these notes with full knowledge that defendant had a valid counterclaim against the Interstate Tractor Company for more than $15,000, and that plaintiff, therefore, was not a bona fide purchaser of said notes. The evidence also shows that plaintiff has received the check of the Interstate Tractor Company to take up the notes in suit, and that it has in its possession other securities in excess of the amount actually paid by plaintiff to Interstate Tractor Company on the note in suit.

Appellant has set out some 14 assignments of error, all having to do with the negotiability of the notes and the consideration. The "negotiability" of the notes is involved in assignments 1-14, inclusive, and the question of whether or not there was a want of consideration is involved in assignments Nos. 5, 7, 9, 11, 12, 13 and 14. In its brief appellant has argued the two questions separately and without reference to certain assignments or specifications of error. I will therefore follow the same plan, and will first take up the question of whether or not the notes were negotiable in South Dakota.

There was a stipulation in the notes to the effect that "this note is an Iowa contract, to be construed according to the laws of Iowa." These contracts, therefore, must be governed by the laws of Iowa. First National Bank of Sibley, Iowa, v. Doeden, 21 S. D. 40, 113 N. W. 81:

"The law of the place where a contract is made and is to be performed governs as to its construction, validity, and enforcement."

It is settled law in this state that the law of a sister state must be proven, and, in the absence of such proof, it will be presumed to be the same as the law of this state. Morris v. Hubbard, 10 S. D. 259, 72 N. W. 894; Meuer v. C. M. & St. P. Ry. Co., 5 S. D. 574, 59 N .W. 945, 25 L. R. A. 81, 49 Am. St. Rep. 898; Sandmeyer v. Dakota F. & M. Ins. Co., 2 S. D. 350, 50 N. W. 353; Iowa Loan & Trust Co. v. Schnose, 19 S. D. 248, 103 N. W. 22, 9 Ann. Cas. 255; Foss v. Petterson, 20 S. D. 93, 104 N. W. 915; Commercial Bank v. Jackson, 7 S. D. 135, 63 N. W. 548.

Section 3869, c. 15, Code of Iowa, was introduced in evidence by plaintiff, which read as follows:

*"Attorney's Fees—When Taxed as Costs—Amount.* When judgment is recovered upon a written contract containing an agreement ·to· pay an attorney's fee, the court shall allow and tax as a part of the costs, on the first two hundred dollars or fraction thereof recovered ten per cent.; on the excess of two hundred t'o five hundred dollars, five per cent.; on the excess of five hundred to one thousand dollars, three per cent.; and on all sums in excess of one thousand dollars, one per cent. If action is commenced and the claim paid off before return day, the mount shall ·be one-half of the sum above provided, and if it is paid after the return day but before judgment, three-fourths of said sum; but no fee shall be allowed in any case if an action has not been commenced, or expense incurred, nor shall any greater sum be allowed, any agreement in the contract to the contrary notwithstanding."

The stipulation in the notes pertaining to attorney's fees reads as follows:

"The makers, indorsers, guarantors, and sureties agree to pay any attorney's fee as provided ·by the laws of Iowa in case note is not paid· at maturity, and consent that any justice of the peace shall have jurisdiction of action brought hereon to the amount of three hundred· dollars, and also severally waive protest and dili· gence in bringing suit hereon."

According to the laws of Iowa, therefore, this stipulation is valid and binding upon the maker of these notes. However, it is immaterial whether or not this stipulation would be enforced in the courts of this state in determining whether or not the notes were negotiable. In Baird v. Vines, 18 S. D. 52, 99 N. W. 89, this court held, as shown ·by the syllabus, that "a stipulation in a note as to attorney's fees does not render it nonnegotiable." It was proven that the stipulation in the notes as to attorney's fees was valid in Iowa, and therefore the provision of the law in this state that an agreement in a promissory note for an attorney fee is unenforceable and void cannot obtain in this case.

Section 1705, p. 386, vol. 1, R. C. 1919, is the Negotiable Instrument Act, and contains the following provision:

"2. Must contain an unconditional promise or order to pay a sum certain in money."

Section 1706, R. C. 1919, reads as follows:

"*Sum Payable Must be Certain.*   The sum payable is a sum certain within the meaning of this part, although it is to be paid first, with interest, or, second, by stated installments, or, third, by stated installments, with a provision that upon default in payment of any installment, or of interest the whole shall become due, or, fourth, with exchange, whether at a fixed rate or at the current rate.

"Provided, that nothing herein contained shall be construed to authorize any court to include in any judgment on an instrument made in this state any sum for attorney's fees, or other costs not taxable by law."

Section 1709 reads as follows:

"*When not Negotiable.*   An instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable."

The law in force in South Dakota previous to the enactment of the Negotiable Instrument Act had not been materially changed so far as is applicable to this case, and the decisions of this court previous to the enactment of the present law are binding upon this court.   Nat. Bank of Commerce v. Feeney, 12 S. D. 156, 80 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594; Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331, 8 L. R. A. 393; Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; Stebbins v. Lardner, 2 S. D. 135, 48 N. W. 847; Davis v. Brady, 17 S. D. 511, 97 N. W. 719; Sharpe v. Shoenberger, 44 S. D. 402, 184 N. W. 209. The stipulation in the notes, "principal or interest if not paid when due shall bear interest at 7 per cent. per annum, payable annually," presents the agreement that the note shall draw interest at 7 per cent., but that, if paid when due, it shall draw no interest.   Thus the element of uncertainty enters in; the amount required to discharge this note being uncertain at the time the note was given, and, such being the case, I think it should be held that the notes in question were nonnegotiable in South Dakota, and the judgment of the lower court should be affirmed.

Note.—Reported in 207 N. W. 61. See, Headnote (1) American Key-Numbered Digest, Evidence, Key-No. 80(1), 22 C. J. Sec. 87; (2) Bills and notes, Key-No. 158, 8 C. J. Sec. 253; (3) Bills and notes, Key-No. 160, 8. C. J. Sec. 258; (4) Bills and notes, Key-No. 334, 8 C. J. Sec. 715.

Effect of stipulation for attorney's fee upon negotiability of bill or note, see note in L. R. A. 1916B, 675; 5 U. L. A., Sec. 2.