COMMERCIAL CREDIT CO., Appellant, v. NISSEN, Respondent.

(213 N. W. 943.)

(File No. 5384.    Opinion filed May 19, 1927.)

1. **Bills and Notes—Judgment for Holder for Amount Paid for Notes Could Not Be Sustained Without Finding Payment Was Made Before Notice of Defense.**

    In action on promissory notes, judgment for plaintiff who had paid 75 per cent of purchase price, could not be sustained on ground that he was holder in due course, in absence of finding that payment was made before knowledge of defense was obtained.

2. **Appeal and Error—Supreme Court Cannot Make Findings or Direct Particular Finding.**

    Supreme Court cannot make findings of fact or direct trial court to make particular finding, as jurisdiction of Supreme Court is strictly appellate.

3. **Courts—Supreme Court's Jurisdiction Strictly Appellate.**

    Jurisdiction of the Supreme Court is strictly appellate.

Note.—See, Headnote **(1)**, American Key-Numberes Digest, Bills and notes, Key-No. 334, 8 C. J. Sec. 708; **(2)** Appeal and error, Key-No. 1122(2), 4 C. J. Sec. 3114; **(3)** Courts, Key-No. 206(17 1/16), 15 C. J. Sec. 550.

On right of holder in due course, see U. L. A., Vol. 5, Sec. 54, pg. 233.

Appeal from Circuit Court, Brown County; HON. B. A. WALTON and HON. ROBERT D. GARDNER, Judges.

On rehearing. Modified.

For former opinion, see 49 S. D. 303, 207 N. W. 61.

*W. F. Corrigan,* of Aberdeen, for Appellant.

*Frank McNulty,* of Aberdeen, for Respondent.

GATES, J. This cause is before us upon rehearing. For former opinion, see 49 S. D. 303, 207 N. W. 61.

Upon further consideration we are satisfied with the disposition of the three principal questions decided in the former opinion, viz: (1) That the provision in the notes for a discount if paid when due did not render them nonnegotiable; (2) that the attorney fee clause in the notes did not render them nonnegotiable; and (3) that plaintiff is only entitled to recover 75 per cent of the face value of the notes with interest even if the notes are negotiable.

[1-3] We are, however, convinced that we erred in directing the entry of judgment for plaintiff. We should have remanded the case for a new trial or for the making of a finding of fact as to when plaintiff paid the 75 per cent of the purchase price of the notes and when knowledge of defendant's defense came to plaintiff.

In the absence of a finding on those questions this court should not have found as a fact that plaintiff was a holder in due course and should not have directed the entry of judgment for plaintiff. In this case the court cannot make findings of fact nor can it direct the trial court to make a particular finding of fact. Its jurisdiction is strictly appellate. Somers v. Somers, 34 S. D. 594, 149 N. W. 558.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial in harmony with the former opinion as herein modified.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, P. J., not sitting.